IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN PHELPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00891-JPG-SCW |
| | ) |
| C/O PHILLIPS and | ) |
| S. A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 33) of Magistrate Judge Stephen C. Williams recommending that this Court deny Plaintiff Kevin Phelps' Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 18). The Plaintiff filed objections to the R & R (Doc. 35) in a timely manner. Plaintiff's objections also contain a Motion for Rehearing (part of Doc. 35) and Motion to Amend Complaint (part of Doc. 35).

Plaintiff's Motion for Rehearing (part of Doc. 35) states that he was not sufficiently prepared for the hearing on January 9, 2015, due to not receiving defendant's response (Doc. 24) to his motion (Doc. 18). However, the Court finds sufficient information within the Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 18), the R & R (Doc. 33), and Plaintiff's Objections (Doc. 33) to make an informed decision and as such, finds that a rehearing is not required.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the

magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Plaintiff has filed objections, so this Court will review *de novo* those portions of the R & R to which objections have been filed. Plaintiff's Complaint (Doc. 1) alleges that his rights under the ADA[1] were violated and that prison personnel failed to protect him while he was incarcerated at Pinckneyville Correctional Center. The incident within the complaint occurred on July 6, 2013, and pertains to housing non-ADA inmates with ADA inmate which the Plaintiff claims places him in danger as he has no means of defending himself from assault.

The Plaintiff was transferred from Pinckneyville Correctional Center to Lawrence and the Complaint contains no allegations with regard to the conditions of his current housing arrangement at Lawrence.

However, Plaintiff's Motion for Preliminary Injunctive and Temporary Restraining Order requests injunctive relief prohibiting non-ADA inmates from being celled with him; to be placed in protective custody; to have prison staff refrain from harassing and/or retaliating against him; and/or be transferred to a facility that house ADA inmates with only ADA inmates. He states that he was assaulted and sexually abused by Lawrence prison personnel on July 17, 2014[2], and that he is continued to be housed with non-ADA inmates placing his life in danger.

The United States Court of Appeals for the Seventh Circuit has described injunctions like the one sought here, which would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court

---

[1] Americans with Disabilities Act (ADA)
[2] R&R, pg 2, grievances attached were for 7/17/14 and were incorrectly stated as 7/6/13.

to command a defendant to take a particular action. *Id.*, *citing Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978). *See also, W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958).

The courts will ordinarily defer to the judgment of prison administrators on matters regarding prison management issues. *See, Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them").

The Plaintiff has alleged an additional assault within his Motion for Injunctive Relief. However, the attack did not involve a non-ADA cellmate and the incident did not occur at Pinckneyville Correctional Center. The Court notes that incidents with regard to non-ADA inmates at Lawrence would still be encompassed within Plaintiff's Complaint pertaining to Count 2 against Defendant Godinez, in his official capacity, however, an incident involving individuals not a party to this suit is beyond injunctive relief.

Plaintiff also states that he is, "… still being put in danger" by having non-ADA inmate placed in his cell and he generally alleges that non-ADA inmates have, "threat me with dumping me out of my wheelchair, beating me up, & they be taking things from me, because I can't help myself." However, he provides no specific incident of a non-ADA inmate threatening or assaulting him at Lawrence and, as stated above, the specific incident and supporting grievances pertain do not pertain to a non-ADA cellmate.

Finally, as discussed in the R & R, housing non-ADA inmates with ADA inmates or double celling ADA inmates is no a violation of the ADA. As such, Plaintiff is not likely to succeed on his claim as currently plead.

Based on the foregoing, that portion of Plaintiff's objections to the R & R (part of Doc. 35) pertaining to a Motion for a Rehearing is **DENIED** and that portion of Plaintiff's objections to the R & R (part of Doc. 35 pending at Doc. 36) pertaining to a Motion to Amend Complaint is **REFERRED** to Magistrate Judge Williams.  The Court hereby **ADOPTS** the Report and Recommendations (Doc. 33) in its entirety and **DENIES** Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 18).

**IT IS SO ORDERED.**

DATED:   2/17/2015                                       s/J. Phil Gilbert
                                                                          **J. PHIL GILBERT
                                                                          DISTRICT JUDGE**